An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM H. BULLIS, BAR NO. 1635.

No. 65162

**FILED**

MAY 09 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 for reciprocal discipline of attorney William H. Bullis, based on discipline imposed on him in California. Bullis did not self-report his California discipline as required by SCR 114(1), and he has not responded to the petition. *See* SCR 114(3). The California Supreme Court entered an order disbarring Bullis from the practice of law in California on October 29, 2013.[1]

Bullis was disciplined in California for abandoning a bankruptcy client and failing to pursue the client's case, failing to respond to a client's status inquiries, failing to provide an accounting to his client, failing to return files to his client upon termination of his employment, failing to refund unearned fees to his client, and failing to disgorge any

---

[1]Bullis has been suspended from the practice of law in Nevada since June 2012, for failing to pay his State Bar membership fees. *See* SCR 98(9)-(12).

14- 15050

part of fees he had received from his client as ordered by the bankruptcy court. In doing so, Bullis was found to have violated California Rule of Professional Conduct (RPC) 3-110(A), equivalent to Nevada RPC 1.1 (competence), RPC 3-700(D)(1), equivalent to Nevada RPC 1.16(d) (declining or terminating representation), RPC 3-700(D)(2), equivalent to Nevada RPC 1.15 (safekeeping property), RPC 3-700(A)(2), equivalent to Nevada RPC 1.16 (declining or terminating representation), and RPC 4-100(B)(3), equivalent to Nevada RPC 1.15 (safekeeping property). Bullis also violated the California Business and Professions Code, section 6068(m), equivalent to Nevada RPC 1.4 (communication), and section 6103, equivalent to Nevada RPC 3.3 (candor toward the tribunal) and RPC 8.4 (misconduct). No aggravating or mitigating circumstances were found.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates or this court finds that at least one of four factors is present: (1) the procedure in the other jurisdiction denied the attorney due process; (2) there was such an infirmity of proof of the misconduct in the other jurisdiction that this court cannot accept the other court's decision; (3) substantially different discipline is warranted in this state; or (4) the established misconduct does not constitute misconduct under the rules of this state. Discipline elsewhere is res judicata, as SCR 114(5) provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purpose of a disciplinary proceeding in this state."

None of the four exceptions applies here. Accordingly, we grant the petition for reciprocal discipline. William Bullis is hereby irrevocably disbarred from the practice of law in Nevada. SCR 102(1).

Bullis shall comply with SCR 115.  The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   David A. Clark, Bar Counsel
William H. Bullis
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court